UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2013-16 (WOB)

SAM DROGANES, ET AL.                              PLAINTIFFS

VS.                  MEMORANDUM OPINION AND ORDER

U.S.DOT, ET AL.                                   DEFENDANTS

       This matter is before the Court on defendants' motion to
dismiss or, in the alternative, for summary judgment (Doc. 19).
The Court has reviewed this matter and concludes that oral argument
is unnecessary.   It therefore issues the following Memorandum
Opinion and Order.

### *Factual and Procedural Background*

       This is an action challenging final administrative action by
the Department of Transportation and Pipeline and Hazardous
Materials Safety Administration (PHMSA) for imposing civil
penalties on Plaintiff for failure to follow hazardous materials
regulations.

       Defendants Sam Droganes and his then-company, Premium
Fireworks Co., Inc., were fined by the federal agency defendants
after a compliance inspection at plaintiffs' retail facility and
warehouse in northern Kentucky revealed violations of certain
Hazardous Material regulations.   Plaintiffs filed this action on
February 1, 2013, challenging that determination and asserting a

violation of their Fifth Amendment rights against self-incrimination. (Doc. 1). After various procedural delays not relevant here, defendants have moved to dismiss this action for lack of subject matter jurisdiction.

The Court finds defendants' motion well taken.

## *Analysis*

Plaintiff's claim directly challenges the December 31, 2012, final agency decision of the PHMSA. However, judicial review of PHMSA final decisions can only be brought in the United States Court of Appeals for the District of Columbia or in the Court of Appeals for the circuit in which the person resides or has its principal place of business. See 49 U.S.C. § 5127(a). Therefore, the proper venue for this claim would be in the United States Court of Appeals for the District of Columbia, or in the United States Court of Appeals for the Sixth Circuit. This Court thus lacks subject matter jurisdiction to entertain this matter.

Further, it is unclear if plaintiff alleges a 42 U.S.C. § 1983 claim or a *Bivens* claim. However, both claims fail to state a claim from Plaintiff upon which relief can be granted.

Section 1983 requires action by a state actor, which plaintiff has not alleged.

As for any *Bivens* claim, relief is precluded because plaintiff has an alternative remedy to challenge the agency decision through 49 U.S.C. § 1527. *See Wilkie v. Robbins,* 551 U.S. 537-38 (2007).

2

Therefore, having reviewed this matter, and being otherwise advised,

**IT IS ORDERED** that defendants' motion to dismiss or, in the alternative, for summary judgment (Doc. 19) be, and is hereby, **GRANTED**.  A separate judgment shall enter concurrently herewith.

This 5th day of August, 2016.



Signed By:

***William O. Bertelsman*** WOB

**United States District Judge**